# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:17-CR-00028-KDB-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ROBIN LEACH, JR.,**<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Robin Leach, Jr.'s *pro se* Emergency Motion for Compassionate Release and Reduction in Sentence and Home Confinement under 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 44). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

## I.  BACKGROUND

In 2018, Defendant pled guilty to possession with intent to distribute a detectable amount of marijuana and did knowingly and unlawfully possess a firearm and ammunition in and affecting interstate commerce. (Doc. No. 10). He was sentenced to 78 months imprisonment plus two years of supervised release. (Doc. No. 26).

Defendant is a 38-year-old male confined at Fort Dix FCI, a low-security federal corrections institution in New Jersey, with a projected release date of July 7, 2023. Defendant seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A) or in the

alternative, home confinement under the CARES Act. He claims he suffers from hypertension, vitiligo (a skin disorder), severe allergies and extensive pulmonary and breathing issues. According to his Presentence Report, Defendant suffers from vitiligo and is allergic to wool. (Doc. No. 20, ¶ 79). The Defendant does not attach any medical records to his motion.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where

pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's burden to show that he has exhausted his remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant attaches a form titled inmate request to staff, but it is unsigned by any staff member of the prison. (Doc. No. 44, Pg. 16). Thus, the Court is unable to verify whether or not it was sent to, or received by, the warden. The motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a request and thus he has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A).

Inmates are in federal custody for a reason, and each inmate's sentencing judge considered many factors, including danger to the community and medical conditions when initially imposing these sentences. The law considers the imposition of a sentence of imprisonment as a final judgment on the matter and "closely guards the finality of criminal sentences against judicial 'change of heart.'" 18 U.S.C. § 3582(b); *United States v. Goodwyn,* 596 F.3d 233, 235 (4th Cir. 2010). Moreover, when Congress fashioned the compassionate release statute—an exception to the general rule that terms of imprisonment may not be modified once imposed—it gave the BOP an important statutory role. Allowing the BOP to first address Defendant's compassionate release request makes sense, as the BOP stands in the best position to assess all of the factors which must be considered in granting a motion for compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting

susceptibility to COVID-19 complications; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors. *See United States v. Wroten,* No. 1:06-cr-00250-MR-WCM-21, 2020 WL 3960825 n. 4 (July 13, 2020). Given the BOP's shared desire for a safe and healthy prison environment, the Court concludes that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. *See United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).

The Court does not mean to minimize the risks that COVID-19 poses in the federal prison system. However, the BOP is taking proactive measures to prevent the spread of COVID-19 among inmates at Fort Dix FCI and other facilities. In addition, the BOP is reviewing all inmates who have COVID-19 risk factors, as described by the CDC, to determine which inmates are suitable for home confinement. Since March 26, 2020, the BOP has placed 6,997 inmates on home confinement. Further, if an inmate does not meet the BOP's internal criteria for home confinement, the BOP may petition a court for compassionate release on an inmate's behalf pursuant to 18 U.S.C. § 3582(c)(1)(A).

According to the BOP's website, Fort Dix FCI has had 40 inmates test positive with no staff testing positive and no deaths. Given this information, the Court finds that Defendant has not met his burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With so few positive tests of COVID-19 cases at Fort Dix FCI, requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile

or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at Fort Dix FCI are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at Fort Dix FCI. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. CARES ACT

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle,* 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2)).

### IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Compassionate Release and Reduction in Sentence, and Home Confinement, (Doc. No. 44), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: July 21, 2020

Kenneth D. Bell
United States District Judge