IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-CR-00028-KDB-DSC-1

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ROBIN LEACH, JR. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Robin Leach Jr.'s *pro se* second motion for compassionate release and home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 46). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

Defendant's previous motion for compassionate release was denied for failure to exhaust his administrative remedies within the Bureau of Prisons as required under 18 U.S.C. § 3582(c)(1)(A) and not properly supported by evidence. According to the BOP website, FCI Fort Dix, currently has 21 confirmed active inmate and 39 staff member cases at the facility, one death at FCI Fort Dix has resulted from COVID-19, and the 1,815 inmates and 47 staff members who previously tested positive have since recovered. Given these conditions, the Court finds no reason to disturb its prior ruling requiring Defendant to exhaust his administrative remedies within the BOP before petitioning this Court for relief. (Doc. No. 45). Defendant

claims to have petitioned the warden for compassionate release on April 14, 2020 and has heard no reply. (Doc. No. 46, at 2). The Defendant does not attach any form to this motion, but the form attached to his prior motion was dated April 14, 2020, and titled inmate request to staff but was unsigned by any staff member of the prison. (Doc. No. 44, at 16). Thus, once again the Court is unable to verify whether or not it was sent to, or received by, the warden. The motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed since the warden receipt of a request and thus he has not exhausted his remedies as required under 18 U.S.C. § 3852(c)(1)(A). In the Government's response to Defendant's motion, it notes that according to counsel for BOP, FCI Fort Dix does not have a request for compassionate release on file for Defendant. (Doc. No. 48, at 12).

On December 24, 2020, Defendant entered COVID-19 exposure quarantine and was placed in immediate isolation. (Doc. No. 49, at 11). He denied any COVID-like symptoms as was tested on December 28, 2020, which came back positive. *Id.* at 8-11, 74. He was placed in isolation, received a daily medical assessment, and denied COVID-19 symptoms. *Id.* at 3-8. On January 9, 2021, he was given Tylenol for a headache. *Id.* at 1. Still, an x-ray was ordered to rule out pneumonia on January 8, 2021. *Id.* at 6. It showed that his lungs were clear and there was no acute cardiopulmonary disease on January 29, 2021. *Id.* at 77. Defendant is receiving excellent care while in the hands of the BOP and presents no reason why Defendant should not exhaust his administrative remedies before filing a motion with the Court.

As Defendant was informed in the Court's order denying his first motion for compassionate release, nothing in the CARES Act gives the Court a role in determining which candidates are eligible for home confinement under 18 U.S.C. § 3624(c)(2).

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018, (Doc. No. 46), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: March 16, 2021

Kenneth D. Bell
United States District Judge