UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00074-KDB
(5:17-cr-00028-KDB-DSC-1)

| | |
|---|---|
| ROBIN LEACH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On May 18, 2017, Petitioner Robin Leach, Jr., ("Petitioner") was charged in a Bill of Indictment with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One); one count of possession of a firearm in furtherance of a drug trafficking conspiracy in violation of 18 U.S.C. § 924(c) (Count Two): and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR Doc. 1: Bill of Indictment]. The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One and Three and the Government agreed to dismiss

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00074-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:17-cr-00028-KDB-DSC-1.

Count Three. [CR Doc. 10 at ¶¶ 1-2: Plea Agreement]. Among other things, pursuant to Rule 11(c)(1)(B), the parties agreed to jointly recommend the following:

> d. The parties further agree that in this specific case, an upward variance is appropriate.
>
> As a result, after incorporation of enhancements, an acceptance of responsibility reduction, and upward variance, the parties agree [Petitioner's] adjusted offense level is **25**.
>
> **20** [2K2.1 (a)(4)],
> **+4** [2K2.1 (b)(6)(B)]
> **-3** (AOR)
> **+4** (Upward Variance) = **Offense Level 25**
>
> e. Unless otherwise set forth herein, the parties agree that they will make the above recommendations as to the offense level, and will not seek any other enhancements or reductions to the offense level.
>
> f. Having fully considered the factors set forth in 18 U.S.C. § 3553(a), the parties agree that the appropriate sentence is one within [ ] "the applicable guideline range " (U.S.S.G. § 5C1.1) determined by the district court at sentencing, and that this sentence is sufficient but not greater than necessary. Further, the parties agree that the United States will recommend a prison sentence at the **high-end** of the guideline range, and the Defendant will recommend a prison sentence at the **middle** of the guideline range. The parties further agree the Defendant will not seek any departure or variance from the **middle** of the guideline range….

[Id. at ¶ 8].

On April 11, 2018, Petitioner pleaded guilty in accordance with the plea agreement. At the plea and Rule 11 hearing, Petitioner testified that he understood that he was under oath and required to give truthful answers to the questions asked by the Court. [CR Doc. 35 at 4: Plea Hearing Tr.; CR Doc. 12 at ¶ 1: Acceptance and Entry of Guilty Plea]. The Court reviewed the charges and their minimum and maximum penalties in detail. [See id. at 6-8; CR Doc. 12 at ¶ 8]. Petitioner testified that he understood the charges and the penalties and had discussed them with his attorney. [Id. at 8; CR Doc. 12 at ¶ 9]. Petitioner confirmed that he was, in fact, guilty of the charges to which he was pleading guilty. [Id. at 12; CR Doc. 12 at ¶ 24]. Counsel for the

2

Government described the terms of the plea agreement. [Id. at 15-18]. In so doing, the Government noted "that this plea agreement is favorable to the [Petitioner] because he's not being charged with a 924(c) count." [Id. at 13]. After the Government reviewed the terms of the plea agreement, Petitioner testified that he had been over the agreement carefully with his attorney, that he understood it, and that he agreed to its terms. [Id. at 18-19; see CR Doc. 12 at ¶ 26]. Petitioner expressly acknowledged that he understood that he was waiving his right to appeal his conviction and/or his sentence through his plea agreement. [Id. at 19; CR Doc. at ¶ 27]. Petitioner also testified that he understood that he was waiving his right to challenge his conviction and/or sentence in a post-conviction proceeding. [CR Doc. 35 at 19; CR Doc. 12 at ¶ 28]. Finally, Petitioner testified that he was satisfied with the services of his attorney and that she "did a good job." [Id. at 21; CR Doc. ¶¶ 35-36]. The Court found that Petitioner's guilty plea was "knowingly and voluntarily made" and "that [Petitioner] understands the charges, and the potential penalties and consequences of his plea." [Id. at 22; CR Doc. 12 at 4]. The Magistrate Judge then accepted Petitioner's guilty plea. [CR Doc. 12 at 4].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 20: PSR]. The probation officer recommended a total offense level (TOL) of 21, which included a four-level enhancement and a three-level reduction of acceptance of responsibility, and a criminal history category of II. [Id. at ¶¶ 29, 37-39, 53]. This yielded a recommended guidelines range of 41 to 51 months' imprisonment. [Id. at ¶ 90]. The probation officer, however, also noted that, "[a]bsent the plea agreement, the [Petitioner] would face a five (5) year consecutive sentence on Count 2 for possessing a firearm pursuant to 18 U.S.C. § 923(c)(1)(A)(i)." [Id. at ¶ 91]. Finally, the probation officer offered as follows:

> According to the Plea Agreement, the parties agree that a 4-level upward variance is appropriate. If the Court grants this upward variance, the [Petitioner's] total

3

> offense level would change from 21 to 25. A total offense level of 25 with a criminal history category of II results in a guideline imprisonment range of 63 months to 78 months. Count 1 has a statutory maximum term of 5 years, making his guideline term of imprisonment 60 months on Count 1. The [Petitioner], however, also pled guilty to Count 3 which carries a maximum sentence of 10 years. The government will move for a 78 months sentence and the [Petitioner] will move for a 71 month sentence (middle of the guideline range).

[Id. at ¶ 92].

Petitioner's sentencing hearing was held on August 28, 2018 before the Honorable United States District Judge Richard Voorhees. [CR Doc. 34: Sentencing Tr.]. At sentencing, Petitioner reiterated that he understood the nature of the charges to which he had pleaded guilty, that he committed the charged offenses, that he was fully satisfied with the services of his attorney, and that he pleaded guilty "freely and voluntarily." [Id. at 2]. As agreed and anticipated, Petitioner argued for a 70-month, mid-range sentence, while the Government argued for a 78-month, high-end sentence. [Id. at 6-15]. The Court sentenced Petitioner to a term of imprisonment of 60 months on Count One and a term of 78 months on Count Three, to run concurrently with the term imposed on Count One, for a total term of imprisonment of 78 months. [CR Doc. 26 at 2: Judgment]. In sentencing Petitioner to a high-end sentence, the Court cited Petitioner's "terrible record" that included offenses involving "considerable violence and assaultive behavior" and numerous opportunities to "straighten[ ] himself out, which he did not do time after time." [CR Doc. 34 at 16]. Judgment on Petitioner's conviction was entered on August 30, 2018. [CR Doc. 26]. Petitioner appealed. [CR Doc. 28]. The Court of Appeals for the Fourth Circuit dismissed the appeal because Petitioner "knowingly and voluntarily waived his right to appeal" and the issue Petitioner sought to appeal fell squarely within that waiver. [CR Doc. 40]. The Supreme Court denied Petitioner's petition for writ of certiorari. Leach v. United States, 140 S.Ct. 964 (2020).

Petitioner timely filed the instant motion to vacate under 28 U.S.C. § 2255. [CV Doc. 1]. As grounds, Petitioner claims he received ineffective assistance of counsel because (1) his attorney advised him "to take a plea outside of the guideline of 41-51 months" and that his sentence would be in the range of 63 to 78 months; (2) his attorney "did not inform [him] that this plea would involve the abandonment of all [his] rights to appeal;" and (3) his attorney "did not advise [him] of potential defense of mens rea in that [he] did not know felons lost 2nd amendment right to firearms." [CV Doc. 1 at 4 (errors uncorrected)]. Plaintiff claims that, had he known of such a defense, he would not have pleaded guilty and would have gone to trial. [Id.]. Petitioner, however, does not claim innocence or request a trial. Rather, he requests that his sentence be vacated and that he be resentenced "within correct guideline range of 41-51 months." [CV Doc. 1 at 12]. The Government, on this Court's Order, timely responded to Petitioner's motion. [CV Docs. 2, 3]. Petitioner did not reply despite being advised that he may do so. [See CV Doc. 2].

This matter is now ripe for adjudication.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend.

VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The petitioner's "subjective preferences" are not dispositive, but rather the test is "whether proceeding to trial would have been objectively reasonable in light of all of the facts," United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012), and whether the petitioner has shown that there is "contemporaneous evidence" supporting his expressed preferences, Lee v. United States, 137 S.Ct. 1958, 1967 (2017).

In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent

collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Petitioner here does not claim that his guilty plea was involuntary, and he requests resentencing, rather than to proceed to trial. Moreover, any assertion that his guilty plea was involuntary would contradict Petitioner's sworn testimony during the plea hearing, as affirmed at sentencing, and conflict with the grounds for the Fourth Circuit's dismissal of Petitioner's appeal.

Furthermore, when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)). As such, because Petitioner knowingly and voluntarily pleaded guilty, he waived his assertions of pre-plea ineffective assistance. See Fields, 956 F.2d at 1294-96. What is more, the record plainly shows that Petitioner's decision to plead guilty, as he did, represented a "voluntary and intelligent choice"

7

over proceeding to trial on a § 924(c) charge that carried a mandatory 25-year consecutive sentence.

Even if Petitioner could overcome this waiver, his claims lack merit in any event. Petitioner contends that his attorney advised him to agree to a plea above the guidelines range of 41 to 51 months. Petitioner's assertion is conclusory, as he offers no explanation why such advice was deficient. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Additionally, Petitioner's counsel's advice was plainly sufficient. As noted, absent the plea agreement, Petitioner would have faced a 41- to 51-month sentence, plus an additional mandatory minimum consecutive 25-year sentence under §924(c)(1)(C). Moreover, Petitioner cannot show prejudice because he admits that he knew he would be sentenced to a term of imprisonment between 63 and 78 months and he was. [CV Doc. 1 at 4].

Petitioner also claims that his attorney failed to advise him that he would waive his appellate rights by pleading guilty. Petitioner, however, testified during the plea hearing that he had carefully reviewed the plea agreement with his attorney and that he understood its terms. And Petitioner explicitly told the Court that he understood that he was waiving his appellate rights. Accordingly, Petitioner's conclusory assertion here does not overcome his sworn testimony, see Lemaster, 403 F.3d at 221-22, and he makes no showing of prejudice.

Finally, Petitioner claims ineffective assistance for his attorney's alleged failure to advise Petitioner of a potential defense of mens rea. Petitioner contends that he would have proceeded to trial had he known about this defense because he "did not know felons lost 2nd Amendment right to firearms." [CV Doc. 1 at 4]. There is no such defense. A conviction under § 922(g)(1) requires that a defendant know that he possessed a firearm and know of the status that prevents him from

possessing a firearm. See Rehaif v. United States, 139 S.Ct. 2191, 2200 (2019) (concluding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). Accordingly, here, Petitioner need only have known that he was a felon, a fact that he does not challenge, not that he was prohibited from possessing a firearm. See United States v. Frazier-El, 204 F.3d 553, 561 (4th Cir. 2000) (holding a § 922(g) defendant only had to know the facts that made his conduct illegal, not that he was aware that his conduct was illegal). Petitioner, therefore, cannot show deficient performance or prejudice as to this claim, particularly where Rehaif was decided after Petitioner's plea and sentencing in any event.

In sum, because Petitioner cannot show deficient performance or prejudice, his ineffective assistance claims will be dismissed. See Strickland, 466 U.S. at 687-88.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

9

debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 25, 2021

Kenneth D. Bell
United States District Judge